UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-81113-CIV-MARRA/JOHNSON

IN RE PEGASUS WIRELESS
CORPORATION SECURITIES
LITIGATION
_____/

### ORDER AND OPINION GRANTING POLLARD-KELLY'S MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Pollard-Kelly Auditing

Services, Inc.'s Motion to Dismiss the Amended Class Action Complaint [DE 140] and

Lead Plaintiff's Request for Judicial Notice of Complaint Filed by the Securities and

Exchange Commission ("SEC") Against Pegasus Wireless, et al. and Order of the SEC

Instituting Public Administrative Proceedings Against Pollard Kelly Auditing Services

[DE 175].  The motions are fully briefed and ripe for review.  The Court has carefully

considered the entire Court file and oral argument of counsel.

**Introduction**

Lead Plaintiffs, Michael Dattilo, Peter Gianoukas, Marat Khusainov, Michael

Mitchell, and Nick Pournaras (collectively, "Plaintiffs") have brought this securities

fraud class action alleging defendants caused them and the putative class economic

harm when they purchased common stock of Pegasus at artifically-inflated prices.

Compl. ¶¶ 1, 6.  Plaintiffs filed a Consolidated Amended Class Action Complaint for

Violations of Federal Securities Laws [DE 128] ("Complaint" or "Compl.") on July 11,

2008.  Plaintiffs propose to bring a class action on behalf of those who purchased or

otherwise acquired the common stock of Pegasus Wireless Corporation ("Pegasus" or "Company") between December 22, 2005, and September 5, 2006, seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").  Compl. ¶ 1.  Plaintiffs allege that defendants published a series of materially false and misleading statements which defendants knew, and/or were severely reckless in not knowing, were materially false and misleading at the time of publication, and which omitted to reveal material information necessary to make defendants' statements, in light of such material omissions, not materially false and misleading.  *Id.*

Defendant Jasper Knabb ("Knabb") was Chief Executive Officer, President, and a member of the Board of Directors of the Company.  Compl. ¶ 8.  "Knabb has a material history of legal and financial problems.  Multiple lawsuits have been instituted against him . . . including suits alleging fraud, misrepresentation, breach of contract, and failure to pay on personal guarantees."  *Id.*  Defendant Stephen Durland ("Durland") was Chief Financial Officer and a member of the Board of Directors of the Company.  Compl. ¶ 9.  Prior to his "retirement," defendant Alex Tsao ("Tsao") was Chief Executive Officer and the Chairman of the Board of Directors of the Company. Compl. ¶ 10.

Defendant Pollard-Kelley Auditing Services, Inc. ("Pollard-Kelley") served as the Company's auditor and principal accounting firm from April 4, 2005 through the present.  Compl. ¶ 18.  Pollard-Kelly moves to dismiss the Complaint on the grounds that it fails to state a claim under Section 10(b) of the Exchange Act and Rule 10b-5,

and fails to comply with the pleading requirements mandated by Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act.  Pollard-Kelly's motion will be granted.

**Background**

In 2004, a reverse merger between OTC Wireless and a shell company called Homeskills, Inc. resulted in the creation of Pegasus Wireless Corporation.  Comp. ¶ 19.  During the putative class period, Pegasus was a Nevada corporation headquartered in Fremont, California.  Compl. ¶ 7.  The Company allegedly designed, manufactured, and marketed wireless networking software and hardware.  *Id*.

Plaintiff Michael Mitchell originally filed suit in the United States District Court for the Northern District of California on November 7, 2006.  On September 24, 2007, Judge Marilyn Patel ordered that the case be transferred to this Court.  On July 11, 2008, Plaintiffs filed their consolidated amended complaint, asserting causes of action under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78(j), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5.  Compl. ¶¶ 156-176. The Complaint also asserts a claim under Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a).  Compl. ¶¶ 177-180.  Plaintiffs allege that Defendants made material misstatements in press releases and documents filed with the United States Securities and Exchange Commission (the "SEC").  The gravamen of the Complaint as to Pollard-Kelly is that Pollard-Kelly certified Pegasus's materially false and misleading financial statements "[w]ith knowledge of Pegasus's true financial condition, or in severe

reckless disregard thereof."  Compl. ¶ 18.

**Pleading Requirements**

Section 10(b) of the Securities and Exchange Act of 1934 ("§ 10(b)") makes it "unlawful for any person . . . to use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [Securities and Exchange] Commissioner may prescribe."  15 U.S.C. § 78j (2000).  Pursuant to this authority, Rule 10b-5 makes it unlawful for any person to "make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstance under which they were made, not misleading, or to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security."  17 C.F.R. § 240.10b-5.  The Eleventh Circuit requires a plaintiff alleging securities fraud under Rule 10b-5 to plead (1) a false statement or omission of material fact; (2) made with scienter; (3) upon which the plaintiff justifiably relied; (4) that proximately caused the plaintiff's injury."  *Robbins v. Koger Properties, Inc.,* 116 F.3d 1441, 1446 (11th Cir. 1997); *see also Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006).

Allegations of security fraud under § 10(b) and Rule 10b-5 are subject to the heightened pleading standards of Federal Rule of Civil Procedure Rule 9(b) ("Rule

9(b)").  Rule 9(b) requires that "in all averments of fraud or mistake, the

circumstances constituting fraud or mistake shall be stated with particularity."

Fed.R.Civ.P. 9(b).  The purpose of Rule 9(b) is to "ensure that the allegations of fraud

are specific enough to provide sufficient notice of the acts complained of" and to

"eliminate those complaints filed as a pretext for discovery of unknown wrongs. . . ."

*Anderson v. Transglobe Energy Corp.*, 35 F. Supp. 2d 1363, 1369 (M.D. Fla. 1999).

The Eleventh Circuit has cautioned, however, that "Rule 9(b) must not be read to

abrogate Rule 8 . . . and a court considering a motion to dismiss for failure to plead

fraud with particularity should always be careful to harmonize the directive of Rule

9(b) with the broader policy of notice pleading."  *Friedlander v. Nims,* 755 F.2d 810,

813 n.3 (11th Cir. 1985).

Generally, in order to survive a Rule 9(b) challenge, the complaint must

specify: (1) what statements were made in what documents or oral representations or

what omissions were made; (2) the time and place of each such statement and the

person responsible for making it (or, in the case of omissions, not making) same; (3)

the content of such statements and the manner in which they misled the plaintiff;

and (4) what the defendants obtained as a consequence of the fraud.  *Ziemba v.*

*Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (citing *Brooks v. Blue Cross*

*and Blue Shield of Florida,* 116 F.3d 1364, 1371 (11th Cir. 1997)).

In December 1995, Congress enacted the Private Securities Litigation Reform

Act, codified at 15 U.S.C. § 78u-4(b) ("PSLRA"), which further heightens the pleading

requirements for Rule 10b-5 claims.  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007).  Under the PSLRA, a plaintiff must, "with respect to each act or omission alleged to violate [the Exchange Act], state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind."  15 U.S.C. § 78u-4(b)(2).  This requirement applies to the scienter element of a Section 10(b) claim and requires that the defendant's intent "to deceive, manipulate, or defraud" be stated with particularity.  *Bryant v. Avado Brands, Inc.* 187 F.3d 1271, 1281-82 (11th Cir. 1999).

## Relevant Allegations in the Complaint

In defense of their Complaint, Plaintiffs argue that they detail five specific occasions when Pollard-Kelly rubber-stamped accounting improprieties: the October 31, 2005 Audit Opinion concerning AMAX, the December 13, 2005 Audit Opinion concerning Cnet, the January 13, 2006 Audit Opinion concerning SKI, and the February 24, 2006 and March 3, 2006 Audit Opinions concerning the Pegasus financials for the period ending December 31, 2005.  Compl. ¶¶ 107, 109, 111, 115 and 117. These opinions, made public on Pegasus's Form 8-K's and Form 10-KSB's, indicated that the financial statements were presented in conformity with Generally Accepted Accounting Principals ("GAAP"), and that Pollard-Kelly's audit had been performed in accordance with Generally Accepted Accounting Standards ("GAAS").  Compl. ¶¶ 109-112, 115, 116-129.  Plaintiffs allege that these opinions failed to disclose or consider a history of fraudulent conduct on the part of Knabb, Durland and other senior

members of Pegasus's management and were thus materially false or misleading.

Compl. ¶¶ 108, 110, 112-114, 116-130.

## Scienter

The Eleventh Circuit has explained that the requisite "strong inference" of scienter can be pled only by alleging "severe recklessness." *Ziemba*, 256 F.3d at 1202. Severe recklessness requires more than "inexcusable negligence." *Id.; see also Ernst & Ernst v. HochfelderI*, 425 U.S. 185, 193 n.12 (1976). The Eleventh Circuit has defined "severe recklessness" as those highly unreasonable omissions or misrepresentations that involve not merely simple or even inexcusable negligence, but an extreme departure from the standard of ordinary care, and that present a danger of misleading buyers and sellers which is either known to the defendant or is so obvious that the defendant must have been aware of it. *McDonald v. Alan Bush Brokerage Co.*, 863 F.2d 809, 814 (11th Cir. 1989).

Whether a strong inference of scienter arises from the pleaded facts is a specific inquiry to be determined on a case-by-case basis after a review of the totality of the factual allegations in the complaint. *See, e.g., In re Sunbeam Sec. Litig.*, 89 F. Supp. 2d at 1339 ("In the context of the entirety of the facts alleged in the complaint," an inference of scienter could be drawn); *In re Eagle Bldg. Tech Inc., Sec. Litigation*, 319 F. Supp. 2d 1318, 1327 (S.D. Fla. 2004) ("[T]he issue of scienter itself is very fact specific, requiring consideration of each individual factor as well as the context as a whole"). Thus, factors such as a reckless or improper audit, the

magnitude of the fraud, and "red flags,"[1] should be examined individually, with the context as a whole also playing a role in this Court's consideration.  *Id.*; *In re MicroStrategy, Inc., Sec. Litig.*, 115 F. Supp. 2d 620, 649 (E.D. Va. 2000).  Scienter may even be demonstrated by strong circumstantial evidence or allegations.  *See, e.g., In re PSS World Med., Inc. Sec. Litig,* 250 F. Supp. 2d 1335, 1344 (M.D. Fla. 2002) ("Plaintiffs can meet their burden under the PSLRA if they plead facts constituting 'strong circumstantial evidence of conscious misconduct or severe recklessness'"); *In re Sunbeam Sec. Litig.*, 89 F. Supp. 2d at 1338 (circumstantial evidence strongly suggested that defendants acted with scienter).

While they acknowledge that GAAP violations alone are insufficient to support an inference of scienter, Plaintiffs argue that "alleged violations of GAAP are themselves indicia of scienter that are ultimately analyzed in their totality with other allegations of the Complaint to determine whether a strong inference of scienter is created."  DE 160 at 9-10.  Plaintiffs maintain that the red flags they allege Pollard-Kelly ignored, along with the alleged GAAP and GAAS violations, adequately suggest Pollard-Kelly acted with scienter.  The red flag Plaintiffs point to is management's lack of integrity, which Pollard-Kelly allegedly knew through its own historical experience with Defendants Knabb and Tsao.  DE 160 at 10, Compl. ¶¶ 113-114, 119.

---

[1]  "Red flags" are "those facts which come to the attention of a [defendant] which would place a reasonable [defendant] on notice that the . . . company was engaged in wrongdoing to the detriment of its investors."  *In re Eagle Bldg. Tech Inc., Sec. Litigation*, 319 F. Supp. 2d 1318, 1328 (S.D. Fla. 2004)(citation omitted).

Alleged violations of generally accepted accounting principles, without more, do not support a strong inference of scienter. *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1266 (11th Cir. 2006); *Melder v. Morris*, 27 F.3d 1097, 1103 (5th Cir. 1994) ("boilerplate averments that the accountants violated particular accounting standards are not, without more, sufficient to support inferences of fraud"). For several reasons, Plaintiffs allegations as outlined above are not sufficient to satisfy the PSLRA's requirement of particularized facts for scienter. "To establish scienter in a securities fraud case alleging non-disclosure of potentially material facts, the plaintiff must demonstrate: (1) the defendant knew of the potentially material fact, and (2) the defendant knew that failure to reveal the potentially material fact would likely mislead investors. The requirement of knowledge in this context may be satisfied under a recklessness standard by the defendant's knowledge of a fact that was so obviously material that the defendant must have been aware both of its materiality and that its non-disclosure would likely mislead investors." *City of Philadelphia v. Fleming Companies, Inc.*, 264 F.3d 1245, 1261 (10th Cir. 2001).

Plaintiffs do not allege specifically what material information Pollard-Kelly knew, how Pollard-Kelly knew the information, and what duty it had to disclose it. Instead the Complaint simply alleges that Pollard-Kelly knew about material wrongdoing "by virtue of its relationship" with Pegasus. Compl. ¶ 106. The law requires that specific facts be alleged to support Plaintiffs' conclusion that Pollard-Kelly concealed or misstated material information. *Garfield*, 466 F.3d at 1265

(allegations that simply allege a party "turned a blind eye" to problems at a company are insufficient); *Scaturro v. Seminole Cas. Ins. Co.*, 542 F. Supp. 2d 1290, 1299 (S.D. Fla. 2008).  A blind eye is just what Plaintiffs allege here when they accuse Pollard-Kelly of "rubber stamp[ing] accounting improprieties."  DE 160 at 5.  Plaintiffs' bare allegations that Pollard-Kelly failed to comply with GAAP and GAAS standards, standing alone, are insufficient as a matter of law.  While they state that Pollard-Kelly ignored red flags, Plaintiffs have not articulated what should have triggered Pollard-Kelly's suspicion, except to generally allege that Pollard-Kelly was familiar with Pegasus's management's prior bad acts at other companies.  "Conclusory allegations that do no more than state that [the auditor] would have known, knew and ignored, or recklessly failed to know" material facts are insufficient to state a claim under the PSLRA and Rule 9(b).  *In re Recoton Corp. Secs. Litig* , 358 F. Supp. 2d 1130, 1147 (M.D. Fla. 2005).

Without allegations directly linking Pollard-Kelly to the alleged fraud, Plaintiffs' bare conclusion that Pollard-Kelly must have participated in the fraud because it was the Company's auditor is insufficient to state a claim.  *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1254 (11th Cir. 2008); *Oxford Asset Management, Ltd. v. Jaharis*, 297 F.3d 1182, 1192 (11th Cir. 2002); *Goldstein v. MCI WorldCom*, 340 F.3d 238, 251-53 (5th Cir. 2003).  As noted above, the Reform Act requires that a complaint state with particularity facts giving rise to a strong inference that each separate defendant acted with scienter with respect to each act or omission alleged.

*In re Sunbeam Sec. Litig.*, 89 F. Supp. 2d at 1341.  This is not done in the Complaint.

After a careful review of the totality of the factual allegations in the Complaint, the Court finds that Plaintiffs fail to specify conduct upon which Pollard-Kelly could be liable and that an inference of scienter cannot be drawn from the omissions or misrepresentations that are alleged on the part of Pollard-Kelly. Accordingly, it is hereby

ORDERED AND ADJUDGED as follows:

1.      Defendant Pollard-Kelly Auditing Services, Inc.'s Motion to Dismiss the Amended Class Action Complaint [DE 140] is GRANTED without prejudice.

2.      Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely granted when justice so requires."  Therefore, in accordance with the usual practice upon granting a motion to dismiss, leave to file a Second Amended Complaint within 20 days of the date of this Order will be permitted.

3.      Lead Plaintiff's Request for Judicial Notice of Complaint Filed by the Securities and Exchange Commission ("SEC") Against Pegasus Wireless, et al. and Order of the SEC Instituting Public Administrative Proceedings Against Pollard Kelly Auditing Services [DE 175] is DENIED.  The Pegasus Complaint, which is not filed against Pollard-Kelly, and the 102(e) Complaint against Pollard-Kelly, cannot be considered when ruling on the

legal sufficiency of Plaintiffs' Complaint.

      **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 21st day of September, 2009.

                                _____

                                  KENNETH A. MARRA
                                  United States District Judge

copies to:

All counsel of record